UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>MAIREN R. REAGAN, XXX-XX-5289<br><br>Debtor. | Bankruptcy No. 18-16796-MER<br>Chapter 7<br><br>Adv. Proc. No. 19-01181-MER |

RACHEL MCQUEENEY,

Plaintiff,

v.

MAIREN R. REAGAN,

Defendant.

## AMENDED STIPULATED JUDGMENT IN SETTLEMENT OF COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff, Rachel McQueeney ("McQueeney"), by and through her undersigned counsel, and the Defendant, Mairen R. Reagan ("Reagan"), hereby stipulate as follows:

1. Judgment in the above matter shall be entered in favor of Plaintiff with regard to the two state court judgments entered in Denver District Court, Case No. 17CV31807 ("Lawsuit"), in the combined principal sum of $418,318.54 ("Judgment Amount"), which amount is 60% of the original judgment amount entered in the Lawsuit, and said amount is nondischargeable pursuant to 11 U.S.C. § 523(a)(6), except as further provided.

2. Execution on the Judgment shall be stayed as long as Defendant repays the sum of $40,000.00 ("Settlement Amount") to Plaintiff as follows:

   a. Initial down payment of $5,000.00 which has been made by Defendant and is being held in trust pending approval of the settlement;

   b. Monthly payments of $275 commencing July 1, 2019, until paid in full. Defendant has made the first four monthly payments which are also being held in trust pending approval of the settlement.

3. Payment shall be made in full on or before its due date without notice or any form of billing statement or reminder.

4. All payments shall be made payable to RG Busch, PLLC COLTAF Account, and may be by check or electronic transfer. If mailed, payments should be mailed to RG Busch, PLLC, P.O. Box 3931, Greenwood Village, CO 80155. For FedEx or other courier, payments should be sent to RG Busch, PLLC, 5538 S. Hillside St., Greenwood Village, CO 80111. If payments are to be made via electronic transfer, Reagan may contact McQueeney's counsel to make appropriate arrangements, including provision of account and routing numbers to facilitate such transfer. Payments shall not be deemed made until received.

5. Contingent upon timely and full payment of the Settlement Amount, McQueeney, for herself, her successors, assigns and agents, hereby releases Reagan, her successors, assigns and agents, from any and all actual or potential claims, causes of action or demands related to the Lawsuit, the judgments entered therein, and the bankruptcy proceedings.

6. Reagan, for herself, her successors, assigns and agents, hereby releases McQueeney, her successors, assigns and agents, from any and all actual or potential claims, causes of action or demands related to the Lawsuit, the judgments entered therein, and the bankruptcy proceedings.

7. If Reagan fails to make a payment when due, she is in default of this settlement agreement. Upon such default, McQueeney will email Reagan a notice giving Reagan fourteen (14) days to cure the default. So long as payment is received within the fourteen (14) day cure period, Reagan will be deemed to have cured. Notice will be emailed to mairenreagan@gmail.com or to any subsequent email address provided by Reagan. It is Reagan's responsibility to keep McQueeney advised of Reagan's current email address.

8. If payments are made in accordance with this settlement agreement, McQueeney agrees not to execute or levy upon the assets of the Defendant. McQueeney may revive the judgments and may obtain and record Transcripts of Judgment which shall not be considered a violation of this agreement.

9. Should Reagan fail to timely cure default, McQueeney may execute, garnish, or levy for the Judgment Amount of $418,318.54, plus interest at the statutory rate of 8% per annum, compounded annually, less any payments made.

10.  Upon full payment of the Settlement Amount, McQueeney agrees to satisfy the judgments against Mairen Reagan by filing Satisfactions of Judgment as to Mairen Reagan and providing copies to Reagan. McQueeney further agrees to record a release of judgment lien as to Mairen Reagan with the clerk and recorder's office of any county in which McQueeney has previously recorded transcripts of judgment. McQueeney shall file the Satisfactions of Judgment as to Mairen Reagan and record any Release of Judgment Lien as to Mairen Reagan within 30 days of the full payment of the Settlement Amount.

11.  Absent any uncured default, the total amount directly and/or indirectly payable by Reagan under this Agreement shall be $40,000, with no additional costs or expenses of any kind.

12.  This settlement agreement shall not act to preclude McQueeney from timely filing a proof of claim in the debtor's case or receiving any dividend from the debtor's estate.

13.  This settlement agreement shall not act to preclude McQueeney from collecting or executing against Mark Reggiannini or Reggiannini, Inc. at any time for their respective liabilities for the judgments. In no event shall Reagan incur any costs or liabilities of any kind as a result of any actions taken by McQueeney against or with respect to any other defendants or parties, specifically including Reggiannini, Inc. or Kemma, Inc.

14.  Except as otherwise provided herein, the Judgment shall be fully enforceable in all respects pursuant to the laws of the United States, and/or the laws of the State of Colorado, and/or the provisions of the United States Bankruptcy Court, and/or the law of any state of the United States.

15.  The existence, validity, construction and operation of this settlement agreement, and all of its covenants, agreements, representations, warranties, terms, and conditions, shall be determined in accordance with the laws of the State of Colorado. This settlement agreement shall be deemed to have been made in Denver County, Colorado and the district court in such county shall have exclusive jurisdiction over any matters involving this settlement agreement.

16.  This settlement agreement constitutes the sole and entire agreement between the parties and shall supersede any and all prior negotiations, agreements, commitments, and oral or written representations by and between the parties prior to the date of this settlement agreement. No promise or inducement has been offered or made to any of the parties contrary to or in addition to the statements contained in this settlement agreement. Each party has asked all questions deemed necessary or desirable by her or her legal counsel in order to evaluate the terms to the

satisfaction of such party. This settlement agreement is executed without reliance upon any other statement or representation by any party.

17. This settlement agreement may not be modified or amended, nor may any term or provision be waived or discharged, except in writing signed by the party or parties against whom such amendment, modification, waiver, or discharge is sought to be enforced. An executed modification, amendment, waiver, or consent shall be effective only in the specific instances and for the specific purpose for which given and shall not act as a waiver of any future obligations or duties. Failure of any party to insist upon strict observance of or compliance with all of the terms of this settlement agreement in one or more instances shall not be deemed to be a waiver of a party's right to insist upon such observance and/or compliance with the other terms of this settlement agreement.

18. This settlement agreement is the product of negotiations "at arm's length" between the Parties. As such, the terms of this settlement agreement are mutually agreed-upon, and no part of this settlement agreement will be construed against the drafter. Any ambiguity in this settlement agreement shall be construed in favor of finding a complete release of claims between the parties.

19. Any person signing on behalf of the parties and their affiliated entities and persons warrants that said person is duly and fully authorized to do so.

20. This settlement agreement may be signed in counterparts, which when combined, shall be deemed to be a single agreement. Faxed or electronically transmitted counterparts shall be treated as originals and shall be effective, valid, and enforceable as such.

21. The parties hereto acknowledge, declare, and agree that the terms of this settlement agreement have been read by them, are fully understood and voluntarily accepted for the purpose of making full, final, and complete compromise, adjustment, and settlement of any and all transactions, agreements, or courses of dealings which have arisen between them, all on the terms and conditions expressly contained herein, and this settlement agreement is entered into for the sake of buying peace and avoiding protracted litigation and further efforts to resolve the disputes among the parties. The parties acknowledge that there has been no duress in the execution of this settlement agreement, that there have been no promises or commitments made that are not set forth in this settlement agreement, and that no defense exists to the enforcement of this settlement agreement.

WHEREFORE, the parties pray this Honorable Court for an Order approving the instant Stipulated Judgment and closing the adversary matter.

Respectfully submitted,

Dated: _____

By: *s/ Robert Gregory Busch*
Robert Gregory Busch, # 28565
RG Busch, PLLC
P.O. Box 3931
Greenwood Village, CO 80155
(720) 515-4618
(303) 872-9019 fax
rob@rgbusch.com
*Attorney for Plaintiff*

Dated: 10/15/19

By: _____
Mairen R. Reagan
35 Pilots Knob Lane, Unit 408
Telluride, CO 81435
*Defendant*

Dated: _____

By: _____
Rachel McQueeney
1451 24th Street, Apt 203
Denver, CO 80205
*Plaintiff*

WHEREFORE, the parties pray this Honorable Court for an Order approving the instant Stipulated Judgment and closing the adversary matter.

Respectfully submitted,

Dated: _____

By: *s/ Robert Gregory Busch*
Robert Gregory Busch, # 28565
RG Busch, PLLC
P.O. Box 3931
Greenwood Village, CO 80155
(720) 515-4618
(303) 872-9019 fax

*Attorney for Plaintiff*

Dated: _____

By: _____
Mairen R. Reagan
35 Pilots Knob Lane, Unit 408
Telluride, CO 81435
*Defendant*

Dated: 10/17/19

By: _____
Rachel McQueeney
1451 24th Street, Apt 203
Denver, CO 80205
*Plaintiff*

WHEREFORE, the parties pray this Honorable Court for an Order approving the instant Stipulated Judgment and closing the adversary matter.

Respectfully submitted,

Dated: 10/21/19

By: s/ Robert Gregory Busch
Robert Gregory Busch, # 28565
RG Busch, PLLC
P.O. Box 3931
Greenwood Village, CO 80155
(720) 515-4618
(303) 872-9019 fax
rob@rgbusch.com
*Attorney for Plaintiff*

Dated: _____

By: _____
Mairen R. Reagan
35 Pilots Knob Lane, Unit 408
Telluride, CO 81435
*Defendant*

Dated: _____

By: _____
Rachel McQueeney
1451 24th Street, Apt 203
Denver, CO 80205
*Plaintiff*